IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| OLIVER C. LOADHOLT,<br><br>      Petitioner<br><br> VS.<br><br>FRED BURNETTE, Warden,<br><br>      Respondent | NO. 5:08-CV-147 (CAR)<br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER AND RECOMMENDATION

Before the court is respondent Fred Burnette's motion seeking to dismiss the above captioned action on the basis that petitioner OLIVER C. LOADHOLT has failed to exhaust his state remedies as is required by 28 U.S.C. § 2254. Tab #15. Petitioner was ordered to and did timely file a response to the respondent's motion. Tab #19.

### LEGAL STANDARD

28 U.S.C. §2254(b)(1) and (c) provide as follows:

> *(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-*
>
> > *(A) the applicant has exhausted the remedies available in the court of the State; or*
> >
> > *(B)(i) there is an absence of available state corrective process; or*
> >
> > *(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.*
>
> *(c) An applicant shall not be deemed to have exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented.*

**PROCEDURAL AND FACTUAL BACKGROUND**

On April 28, 2008, petitioner OLIVER C. LOADHOLT filed the above-captioned action pursuant to 28 U.S.C. §2254 challenging his September 28, **2000**, Butts County jury trial convictions for murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. Therein, petitioner LOADHOLT alleges as grounds for relief ineffective assistance of counsel and an inordinate delay in the appellate process. Tab #1.

Upon an initial review of the petition, the undersigned noted petitioner's statement that he had filed a "*Pro Se* Brief in Support of New Trial" in 2004 and a "Motion to Proceed *Pro Se*" in 2005 in the Superior Court of Butts County. In light of this statement, the undersigned sought to determine the status of these motions, as well as that of any other attempts at state post conviction relief by the petitioner, by requiring him to supplement his petition. Tab #5. Petitioner timely filed a response to the court's order. Tab #6.

In his response/supplement, petitioner LOADHOLT advised that the two *pro se* motions about which the undersigned had inquired were completely ignored by the trial court on the basis that the petitioner had appointed counsel. With regard to the undersigned's inquiry as to whether the petitioner had sought any other post conviction relief (such as a state habeas corpus action), petitioner contends that he had not and that he "bears the burden of counsel that was appointed years ago to represent [him] on appeal" and, as such, the state prevented him from obtaining appellate review. Petitioner's rationale for this conclusion is the state's alleged inability to properly supervise its state appointed counsel.

After receiving the petitioner's response/supplement, the undersigned ordered service upon the respondent. Tab #7. Thereafter, but before the respondent filed any responsive pleadings, petitioner LOADHOLT filed a *second* supplement to his petition. Tab #10. Therein, he added an additional ground for relief, contending that the trial judge erred by giving an unconstitutional sequential charge to the jury. Petitioner also provided further details on his claim of inordinate delay of appellate process.

In addition to his earlier claims that the state, by failing to properly supervise appointed counsel, prevented him from pursuing state post conviction relief, petitioner LOADHOLT alleges abandonment on the part of his appointed appellate counsel. In support of this allegation, he revealed that on October 5, 2000, his appointed appellate counsel filed a motion for new trial on his behalf but then failed to follow up in any way. Petitioner next claims that he did not hear from his appointed counsel until October 2, 2003 when he recieved notice that his appellate counsel intended to withdraw as his attorney of record. Following receipt of the petitioner's second supplement, respondent BURNETTE filed a Response (Tab #14) as well as the Motion to Dismiss currently under consideration (Tab #15).

## DISCUSSION

In his motion seeking the dismissal of the instant action, respondent BURNETTE relies entirely upon the argument that the petitioner's claims are unexhausted because he has failed to present them to the state courts for a decision. In support of this argument, respondent BURNETTE claims that the petitioner's motion for a new trial is currently pending in the trial court, that new counsel has been obtained for the petitioner, and that a status review hearing was set by the trial court for September 11, 2008.

In his response to the motion seeking dismissal, petitioner LOADHOLT reiterates that he has, with the exception of his claim involving inordinate delay of the appellate process, submitted his claims on the state level and that they have simply been ignored. Consequently, the petitioner argues that he should be released from any obligation to exhaust his claims at the state level. The petitioner does not address the respondent's contentions that he has been appointed new counsel or that his case was set down for a status conference by the trial court.

Having looked into the assertions by the respondent that the petitioner's case has been set down for a status conference in the trial court, the undersigned, upon information and belief, is suspicious that no such a conference or review has ever taken took place.  Accordingly, the undersigned is unable to determine whether or not there is truly an absence of available state corrective process in this matter.  As such, the respondent's motion seeking dismissal on the basis of petitioner's failure to exhaust his state administrative remedies must be **DENIED** at this time. **IT IS SO RECOMMENDED.**

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**IN THE MEANTIME**, due to lingering questions as to why petitioner has [apparently] been unable to have his day in court for such a long period of time, IT IS ORDERED AND DIRECTED that the petitioner and counsel for the respondent be and appear before the undersigned at **10:00 A.M. on the 7th DAY OF APRIL, 2009**, for a hearing at which further inquiry will be forthcoming regarding the status of any pending hearings in the state courts.  In addition, the undersigned will consider whether a federal evidentiary hearing ought to be set down on petitioner's contentions.

**SO ORDERED AND RECOMMENDED** this 5th  day of MARCH, 2009.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE