IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| OLIVER C. LOADHOLT,<br><br>                      Petitioner<br><br>VS.<br><br>FRED BURNETTE, Warden,<br><br>                      Respondent | NO. 5:08-CV-147 (CAR)<br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Before the court is petitioner Oliver C. Loadholt's motion seeking partial summary judgment. Tab #39. Therein, petitioner Loadholt alleges that respondent Fred Burnette failed to respond to one or more of the paragraphs in the petition wherein it was alleged that the trial court, in its charge to the jury, unconstitutionally shifted and/or lessened the burden of proof. The petitioner then argues that, because no response was proffered by the respondent as to these specific paragraphs, the assertions contained therein must be admitted as true. He then concludes by declaring that, in view of the above, this court should reverse his conviction and sentence for murder.

Unfortunately for the petitioner, the analysis is not so simple. In the case of an action seeking habeas corpus relief, any request for summary judgment remains subject to the deferential review standards of 28 U.S.C.A. §2254(d). The provisions of §2254(d) are as follows:

> *An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--*
>
> *(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or*
>
> *(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.*

In view of the above legal standards, and in light of the fact that the violation alleged by the petitioner was considered on the merits in a state court proceeding, the respondent's decision not to respond to this specific allegation by the petitioner does not, without more, operate to establish the validity of the allegation. *See Loadholt v. State* 286 Ga. 402 (2010).

Accordingly, and in view of the fact that the petitioner's request for summary judgement relies almost entirely upon his allegation of the respondent's allegedly improper, though clearly permissive, decision not to respond, **IT IS RECOMMENDED** that the request be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 23rd day of JUNE, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE