IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| OLIVER C. LOADHOLT, : | |
| : | |
| Petitioner, : | |
| : | Civil Action |
| v. : | No. 5:08-cv-147 (MTT) |
| : | |
| FRED BURNETTE, : | |
| : | |
| Respondent. : | |
| _____ : | |

### RECOMMENDATION

On September 28, 2000, following a jury trial in the Superior Court of Butts County, Petitioner Oliver C. Loadholt was found guilty of malice murder, felony murder, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He was sentenced to life imprisonment without possibility of parole on the malice murder count. The felony murder count merged with the malice murder count for purposes of sentencing. He was sentenced to a consecutive five year sentence for the count of possession of a firearm during the commission of a felony and a consecutive fifteen year sentence for the count of possession of a firearm by a convicted felon. Loadholt has challenged his conviction in this Court with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, it is hereby **RECOMMENDED** that his Petition be **DENIED**.

In his Petition, Loadholt presents two grounds for challenging his conviction. First, he contends that his trial counsel failed to provide him with effective assistance as required by the Sixth Amendment. Specifically, he contends that his counsel failed to make timely objections to certain jury instructions provided by the trial court related to justification and to the lesser included offense

1

of voluntary manslaughter. Second, Loadholt contends that he received ineffective assistance of appellate counsel, in that his appointed appellate attorneys failed to secure a timely appeal of his conviction. Although Loadholt was convicted in September 2000, the Supreme Court of Georgia did not decide his appeal until January 25, 2010. See Loadholt v. State, 286 Ga. 402 (2010).

The record shows that Loadholt is not entitled to relief as to either ground. With respect to any claim adjudicated on the merits in state court proceedings, a federal court may grant habeas relief only if that adjudication: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). See also, Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

No evidentiary hearing is necessary in this case. The factual basis of Loadholt's claim was developed in proceedings before the Supreme Court of Georgia and has been set forth in that court's opinion affirming Loadholt's conviction. The Supreme Court's determinations of fact are presumed to be correct. 28 U.S.C. § 2254(e)(1). To the extent that the factual basis of his claim was not developed in the state proceedings, Loadholt has not shown that his claim relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence. See 28 U.S.C. § 2254(e)(2)(A). Moreover, Loadholt has not shown that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

Both grounds alleged by Loadholt concern issues that were considered and decided by the Supreme Court of Georgia on direct appeal. The Supreme Court found that trial counsel was not

ineffective in failing to object to the jury instructions because the objections suggested by Loadholt were without merit. The Supreme Court also found that Loadholt was not prejudiced by the delay in prosecuting his appeal because his appeal was without merit. The decision of the Supreme Court on both issues was consistent with a reasonable application of clearly established federal law based on a reasonable determination of the facts.

**1.      Ineffective Assistance of Trial Counsel**

Loadholt contends that his trial counsel was ineffective in failing to object to several jury instructions related to his defense of justification and to the lesser offense of voluntary manslaughter. At trial, Loadholt did not deny that he had killed the victim, Michael Webb, but argued that the killing was justified or provoked by the victim's adulterous relationship with Loadholt's wife. For purposes of the present petition, the Court adopts the factual determinations of the Supreme Court of Georgia, presumed to be correct in the absence of rebuttal by the Petitioner. 28 U.S.C. § 2254(e)(1). The Supreme Court summarized the evidence at trial as follows:

> In the days leading up the shooting, Loadholt told his next-door neighbor Bradford Watts and others that he was upset because he learned that the victim had been romantically involved with his (Loadholt's) wife and was disseminating that information to co-workers at the roofing company where the victim and he were both employed. Loadholt also told Watts that he planned to get retribution by killing the victim. On the morning of the shooting, Loadholt pawned a television set and received $50; he told the proprietors of the pawn shop: "I needed this $50 to buy some shells; I am going to kill my wife's boyfriend." That evening, as the victim was walking toward his apartment, Loadholt approached him, produced a shotgun, and fatally shot him in the chest. Loadholt went directly to Watts' apartment and announced to his friend that he had just killed the victim. Then Loadholt returned to his own home where he placed a 911 call and gave the same information to the dispatcher. Loadholt was taken into custody and in a custodial statement he told the

>police that he was angry with the victim and shot him because the victim told people
>at work that he was in a relationship with Loadholt's wife.

286 Ga. at 403.  Because Loadholt's defense focused on the question of intent rather than the fact of the killing, his petition focuses on the trial court's instructions related to intent and on his counsel's failure to object to those instructions.

Loadholt argues in his petition that his trial counsel should have objected to the court's instructions for three reasons.  First, he argues that the specific instruction related to adultery as a provocation improperly created an inference of malice.  Second, he argues that the court gave an improper instruction related to voluntary manslaughter that shifted the burden to the defendant to show that the killing was done without malice.  Third, he argues that the court gave an erroneous "sequential charge" on malice murder, felony murder, and voluntary manslaughter that "eliminated the jury's full consideration of voluntary manslaughter."  Petition 21 (Doc. 1).

To establish a claim for ineffective assistance, a petitioner must show that his counsel's performance "fell below an objective standard of reasonableness" and was "outside the wide range of professionally competent assistance."  Strickland v. Washington, 466 U.S. 668, 688, 690 (1984).  "Judicial scrutiny of counsel's performance must be highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id.  To overcome this presumption, a petitioner must show that "no competent counsel would have taken the action that his counsel did take."  Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000).

Loadholt cannot make the required showing because the record[1] shows that there is no merit to the objections he wished his counsel to raise.  The Supreme Court of Georgia addressed these objections in its opinion, and determined that the trial court's charge was not erroneous.  The Supreme Court's findings of fact regarding the substance of the trial court's instructions are presumed to be correct.  This Court gives deference to the Supreme Court's holdings as to Georgia law[2], and further notes that the instructions given during trial are consistent with federal guarantees of due process.

The instructions related to proof of intent, read as a whole, did not place the burden of proof on the defendant or create an inference of guilt.  Loadholt concedes in his Petition that the trial court began by charging the jury that "there is no burden of proof upon the defendant, and the burden never shifts to the defendant to prove his innocence.  Where a defense is raised by the evidence the burden is upon the state to negate or disprove it beyond a reasonable doubt." Petition 18.  Loadholt contends that the court charged the jury that "[t]o kill either a spouse or a spouse's lover for past acts of adultery or to prevent the applicable apparent commission or the completion of an act of an adultery in progress, nothing else appearing, is murder." Petition 17 (Doc. 1).  At the time, this language was found in Georgia's Suggested Pattern Jury Instruction on adultery as provocation for a verdict of voluntary manslaughter.  See Ricketts v. State, 276 Ga. 466, 472 (2003).[3]  As the

---

[1] The Court notes that the record in this case consists only of the representations in Loadholt's Petition and briefs and of the findings in the Supreme Court's opinion.  Respondent has never responded to the merits of the Petition.  Instead, Respondent filed a motion to dismiss for failure to exhaust state remedies.  When that motion was denied, Respondent failed to supplement his response to address the merits of the Petition.

[2] "[I]nstructional errors of state law generally may not form the basis for federal habeas relief." Gilmore v. Taylor, 508 U.S. 333, 344 (1993) (citing Estelle v. McGuire, 502 U.S. 62 (1991)).

[3] The pattern instructions have since been amended.

Supreme Court noted, the trial court gave the rest of the pattern instruction, which included the following charge:

> However, if it is shown by the evidence that the killing was done by the defendant without malice and not in the spirit of revenge, but under a violent sudden impulse of passion created in the mind of the person by the circumstances surrounding the transaction, you would be authorized to consider whether or not the defendant is guilty of voluntary manslaughter.

Loadholt, 286 Ga. at 404.  See also, Petition 18.  The Supreme Court found that this charge was appropriate, in that it "[left] the door open for the jury to consider whether such killing was committed in circumstances which would constitute voluntary manslaughter." Loadholt, 286 GA. at 404 (citing Shields v. State, 285 Ga. 372, 376 (2009)).

Loadholt also contends that the trial court gave a "sequential instruction" on manslaughter that allowed the jury to consider the murder charges without having to "consider evidence of provocation or passion which might authorize a verdict for voluntary manslaughter."  Petition 21.  Loadholt states that the trial court charged the jury:

> You would not be able to find the defendant guilty of malice murder, felony murder, and manslaughter.  They would be mutually exclusive.  You will either have to find him guilty of malice murder, felony murder, or manslaughter, or not guilty.

Petition 21.  Under Georgia law, a jury instruction "is improperly sequential if it requires 'the jury to consider voluntary manslaughter only if it has considered and found the defendant not guilty of malice murder and felony murder." Loadholt, 286 Ga. at 404 (quoting Edge v. State, 261 Ga. 865, 867 (1992).  In affirming Loadholt's conviction, the Supreme Court found that the trial court specifically instructed the jury that it did not need to consider the crimes in order, charging, "You

do not have to pass on the question of malice murder and felony murder. You can consider the manslaughter charge irrespective of the other counts in this case." Id. at 404 n. 2.

In finding that the charge given at trial was consistent with Georgia law, the Supreme Court of Georgia determined that Loadholt's trial counsel was not ineffective for failing to raise objections to the charge that were without merit. This Court cannot challenge the Georgia court's determinations of Georgia law.

Loadholt cannot argue that his trial counsel was ineffective for failing to object to the jury instructions under federal law, because the jury instructions did not violate Loadholt's due process rights under the United States Constitution. As the Georgia Supreme Court held in affirming Loadholt's conviction, these charges did not shift the burden to Loadholt to prove his innocence. The trial court made clear that the state had the burden of proof, including the burden to negate any defense beyond a reasonable doubt. The trial court also instructed the jury on the mitigating factors that could result in a finding of voluntary manslaughter and was careful to instruct the jury that it could consider the voluntary manslaughter charge without first considering the murder charges. These instructions were consistent with the requirements of due process and a competent attorney would have been justified in deciding not to raise objections to them.

**2.     Ineffective Assistance of Appellate Counsel**

As the second ground of his Petition, Loadholt contends that his appellate attorneys were ineffective in failing to bring his appeal to a timely resolution. Loadholt was represented by a string of appointed attorneys who withdrew from representation for various reasons. As a result, his appeal was not docketed in the Supreme Court for nearly nine years, and was not finally decided until January 2010.

Despite the extraordinary delay, Loadholt is not entitled to habeas corpus relief because he has not shown that he was prejudiced by the delay. To establish ineffective assistance of counsel, a petitioner must show not only that counsel's performance fell below an objective standard of reasonableness, but must also show that he was prejudiced, by showing that "but for the deficient performance, the outcome of the appeal would have been different." Black v. United States, 373 F.3d 1140, 1142 (11th Cir. 2004).[4] The Court assumes for purposes of this case that no competent counsel would have permitted such a delay, even if each of Petitioner's successive appointed attorneys may have had reasonable cause for withdrawal.

Loadholt's petition shows that he was not prejudiced by the delay in his appeal. His claims on appeal were issues of law related to the instructions given to the jury. His claims did not concern issues of fact that could have been clouded by the passage of time and the decay of memories. As a matter of state law, Loadholt's claims were shown to be without merit in the opinion of the Supreme Court affirming Loadholt's conviction. This Recommendation has likewise observed that Loadholt's claims were without merit as a matter of constitutional due process. In Loadholt's case, the Georgia Supreme Court noted that "there can . . . be no prejudice in delaying a meritless appeal." Loadholt, 286 Ga. at 406. Federal courts have held that a defendant is not prejudiced by delay of his appeal if he "has no credible grounds for reversal and retrial." Harris v. Chapman, 15 F.3d 1538, 1564 (10th Cir. 1994). Because Loadholt lacked credible grounds for appeal of his conviction, he

---

[4] In its opinion affirming Loadholt's conviction, the Georgia Supreme Court addressed the delay within the context of simple due process, rather than ineffective assistance of counsel. Loadholt, 286 Ga. 405-6 (citing Chatman v. Mancill, 280 Ga. 253 (2006)). At the federal level, several circuit courts have recognized that appellate delay in itself "may also give rise to an independent due process claim." Harris v. Chapman, 15 F.3d 1538, 1557 (10th Cir. 1994). See also, Simmons v. Beyer, 44 F.3d 1160 (3rd Cir. 1995); Coe v. Thurman, 922 F.2d 528 (9th Cir. 1991); Simmons v. Reynolds, 898 F.2d 865 (2nd Cir. 1990); Turner v. Bagley, 401 F.3d 718 (6th Cir. 2005). In either context, the petitioner must show prejudice by showing that the delay prejudiced the defendant's ability to assert arguments on appeal or to present defenses in the event of a retrial.

is unable to show that he was ultimately prejudiced by the delay in hearing his appeal, and is not entitled to any relief under 28 U.S.C. § 2254.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that Loadholt's Petition for Writ of Habeas Corpus be **DENIED**.

Pursuant to the requirements of § 2254 Rule 11(b), it does not appear to that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) . Thus, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 1st day of September, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge