IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| OLIVER C. LOADHOLT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:08-CV-147(MTT) |
| | ) |
| FRED BURNETTE, | ) |
| | ) |
| Respondent. | ) |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Charles H. Weigle on Petitioner Oliver C. Loadholt's Petition for Writ of Habeas Corpus. (Doc. 44). The Petitioner filed an Objection to the Recommendation. (Doc. 46). The Court has reviewed the habeas petition, the Recommendation, the Petitioner's Objection and both the Butts County trial court and the Georgia Supreme Court records. Although, some clarification and modification of the Recommendation is required, the ultimate conclusion reached in the Recommendation remains the same; the Petitioner's Petition for Writ of Habeas Corpus is **DENIED**.

### I. PROCEDURAL HISTORY

On April 28, 2008, the Petitioner filed his habeas petition relating to his September 28, 2000, Butts County convictions of murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. In his initial habeas petition, the Petitioner alleged two claims: (1) "ineffective assistance of

trial counsel" and (2) "ineffective assistance of appellate counsel; inordinate delay of appellate process." (Doc. 1 at 5; Doc. 1 at 6-7). With regard to the "ineffective assistance of appellate counsel; inordinate delay of appellate process," the Petitioner named three attorneys: William A. Fears, Timothy L. Lam, and Matt Bridges. Subsequently, the Petitioner withdrew his allegations against the latter two. (Doc. 9). On June 24, 2008, pursuant to United States Magistrate Judge Claude W. Hicks' Order, the Petitioner filed his supplemental petition. (Doc. 10). In his supplemental petition, the Petitioner added a claim alleging error in the trial court's jury charges. He also re-alleged his ineffective assistance of trial counsel claim, and asserted his "ineffective assistance of appellate counsel" and "inordinate delay of appellate process" as two separate claims. (Doc. 10 at 7-8).

As an initial matter, the Court notes that the Petitioner uses the phrase "ineffective assistance of appellate counsel" throughout his filings. However, according to his Petition, he is actually referring to his first post-trial attorney, i.e., the attorney who represented him after his trial court conviction and during the pendency of his Motion for New Trial. The Petitioner makes no allegations regarding counsel who actually handled his direct appeal. Of course, when he filed his habeas petition and supplemental petition, there had been no ruling on his Motion for New Trial, and thus he could not have complained about his actual appellate counsel.[1]

---

[1] Thus, any claim for ineffective assistance of appellate counsel remains unexhausted and not yet raised by the Petitioner at the state habeas level or the federal habeas level.

The Respondent moved to dismiss the Petition for failure to exhaust state remedies in July 2008 because the Petitioner's Motion for New Trial was still pending. (Doc. 16). Magistrate Judge Hicks recommended, with regard to that motion, that: "[he was] unable to determine whether or not there is truly an absence of available state corrective process in this matter. As such, the respondent's motion seeking dismissal on the basis of petitioner's failure to exhaust his state administrative remedies must be DENIED at this time." (Doc. 23). Following the Court's adoption of Magistrate Judge Hicks' Recommendation, a hearing was held, and Judge Hicks orally denied the Respondent's Motion to Dismiss. He also stated that the Court would convene an evidentiary hearing and counsel would be appointed to represent the Petitioner. (Docs. 29, 30). Although no written order was entered following the hearing, it is apparent that the reason the Petitioner could not exhaust his state court remedies was because a ruling on his Motion for New Trial was delayed for almost nine years following his trial court conviction. Judge Hicks was not inclined, under those circumstances, to dismiss the Petitioner's habeas petition for failure to exhaust state remedies when, because of the state trial court's delay in deciding his Motion for New Trial, the "state corrective process" was essentially unavailable to the Petitioner. (Doc. 30 at 19-21).

Before an evidentiary hearing was held and before counsel was appointed to represent the Petitioner, the Respondent filed a status report stating the Petitioner's Motion for New Trial had been denied, and that the Petitioner's direct appeal from his 2000 Butts County convictions was docketed in the Georgia Supreme Court on August 13, 2009. (Doc. 33). In January 2010, the Respondent informed the Court that the Georgia Supreme Court affirmed the Petitioner's convictions and sentences on January

25, 2010.  (Doc. 37); *See Loadholt v. State*, 286 Ga. 402, 687 S.E.2d 824 (2010).

Because the Petitioner raised the same claims in his direct appeal to the Georgia

Supreme Court as he does in his initial and supplemental habeas petitions, the

Petitioner has exhausted his state remedies.

The Petitioner's case was reassigned to Magistrate Judge Weigle in October

2010, and Judge Weigle submitted the present Report and Recommendation to deny

the Petitioner's habeas petition on September 16, 2011.  Following the submission of

the Recommendation, the Court ordered the Respondent to file the trial transcript in its

entirety and all appellate documents related to the Georgia Supreme Court's decision to

affirm the Petitioner's convictions.[2]  (Docs. 47, 49).

## II.  DISCUSSION

The Recommendation addresses the two grounds that the Petitioner presented

for challenging his conviction in his initial petition: (1) the Petitioner's ineffective

assistance of trial counsel claim and (2) the Petitioner's ineffective assistance of post-

trial counsel claim.[3]   The Magistrate Judge points out that the Georgia Supreme Court

addressed the ineffective assistance of post-trial counsel in the inordinate delay of

appellate proceedings/due process violation context.  (Doc. 44 at 8 n. 4).  This is true

because the Petitioner, just as he did in his initial habeas petition to this Court, did not

list his inordinate delay of appellate proceedings claim and ineffective assistance of

---

[2] Pursuant to Rule 5 of the Federal Rules Governing section 2254 cases these materials are required in order to make the record complete.

[3] The Court again notes that the latter claim is characterized by the Petitioner (and the Magistrate Judge) as ineffective assistance of appellate counsel; however, by the terms of the Petitioner's habeas petition, this claim is applicable only to one "post-trial" attorney—William A. Fears.

post-trial counsel claim separately in his state appellate filings.  (Doc. 55-5 at 4-5).  However, the Petitioner has separated these claims in his supplemental habeas petition.  (Doc. 10).  Claims of inordinate delay of appellate proceedings and ineffective assistance of counsel responsible for that delay are intertwined because both require a showing of prejudice to the Petitioner.  However, the claims are two separate claims, and additional analysis regarding the inordinate delay of appellate proceedings is warranted.

Although the Recommendation does not specifically address the Petitioner's claim for inordinate delay of appellate proceedings, it is apparent this claim is without merit.  Because this claim has been adjudicated on the merits in a state court proceeding, a federal court can only grant habeas relief if the adjudication (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) resulted in a decision based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d); *See also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

Here, the decision of the Georgia Supreme Court is consistent with a reasonable application of clearly established federal law based on a reasonable determination of the facts.  In analyzing a claim involving inordinate delay of appellate proceedings, the four speedy trial factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972) are applied to determine whether the defendant was denied due process of law.  The *Barker* factors include the "length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."  *Loadholt*, 286 Ga. at 405.  The Georgia

Supreme Court held that "[e]ven assuming that the first three *Barker* factors tend to weigh in Loadholt's favor…Loadholt failed to show that he was prejudiced by the delay, and that considering all the *Barker* factors together, Loadholt's due process claim must fail." *Loadholt*, 286 Ga. at 406. This Court agrees that there is no evidence the Petitioner was prejudiced by the delay in his state appellate proceedings. The Petitioner offers no specific evidence that the delay prejudiced his appeal or that the result of his appeal would have been different without the delay. Accordingly, the Petitioner is not entitled to relief under section 2254 with regard to his claim of inordinate delay of appellate proceedings.

The Recommendation also does not address the Petitioner's allegation of trial court error. Although this claim was not enumerated in his initial habeas petition, the Petitioner made trial court error a separate claim in his properly filed supplemental petition. (Doc. 10 at 1-5). The Court notes that this claim of trial court error somewhat overlaps, at least factually, the Petitioner's ineffective assistance of trial counsel claim that was addressed in the Recommendation. In fact, the Petitioner seems to merely recast his claim regarding trial counsel's failure to object to improper jury instructions as a "trial court error." However, the two claims are distinct and must be addressed separately.

As with the other claims now advanced by the Petitioner, his claim of trial error was adjudicated on the merits by the Georgia Supreme Court in *Loadholt v. State*, 286 Ga. 402, 687 S.E.2d 824 (2010). Therefore, this Court can only grant habeas relief if that adjudication: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States

Supreme Court, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); *See also Williams v. Taylor*, 529 U.S. 362, 402-413 (2000).

In *Loadholt v. State*, the Georgia Supreme Court reasoned:

> In addition, Loadholt recasts these allegedly improper jury instructions as trial court error. Our review of the transcript reveals that trial counsel failed to object at trial to any portion of the jury instruction or to reserve the right to object later. The procedure in place at the time of Loadholt's 2000 trial required such objections in order to enumerate as error on appeal an erroneous charge or the failure to charge, unless the defendant has demonstrated "substantial error in the charge which was harmful as a matter of law."

*Loadholt*, 286 Ga. at 404 (quoting O.C.G.A. § 5-5-24(c)). The Georgia Supreme Court held that the Petitioner had made no such showing, and that the jury instructions were not erroneous.

Courts "review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render the entire trial fundamentally unfair." *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) (internal quotations and citations omitted). Further, a state trial error must have been "material in the sense of a crucial, critical, highly significant factor" in order to warrant grant of a habeas petition. *Id.* at 1560 (internal quotations and citations omitted).

Here, the Petitioner alleges that the trial court erred when using a sequential jury charge, allegedly improper adultery and felony murder charges, an alleged burden shifting charge, and an improper voluntary manslaughter charge. (Doc. 10). None of these jury charges violate the Petitioner's constitutional due process rights for the

reasons set forth in the Recommendation. (Doc. 44 at 3-7).[4] Further, a habeas Petitioner alleging a due process violation stemming from alleged state trial court error with regard to jury instructions requires a showing that: (1) there be a reasonable likelihood that the jury applied the allegedly improper instruction in an inappropriate manner and (2) the challenged instructions, considered in the context of all other instructions and the trial as a whole, infected the entire state court trial. *Estelle v. McGuire*, 502 U.S. 62, 72-73 (1991). Moreover, outside the capital case context, "instructional errors of state law generally may not form the basis for federal habeas relief." *Gilmore v. Taylor*, 508 U.S. 333, 344 (1993). The Petitioner has failed to make this showing. Further, a review of the Georgia Supreme Court decision does not show that denial of the Petitioner's trial court error claim resulted in a decision contrary to clearly established federal law, nor was it the result of unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the Petitioner is not entitled to relief under section 2254 with regard to his claim of trial error.

With regard to the Petitioner's ineffective assistance of trial counsel claim and ineffective assistance of post-trial counsel claim, the Magistrate Judge recommends denying the petition. First, the Petitioner alleges his trial counsel was ineffective

---

[4] The Magistrate Judge, as part of his discussion of ineffective assistance of trial counsel pursuant to *Strickland v. Washington,* 466 U.S. 668 (1984), did an in-depth analysis regarding whether the jury instructions violated the Petitioner's due process rights and concluded "that the instructions given during [the Petitioner's] trial are consistent with federal guarantees of due process." (Doc. 44 at 5). The Judge further determined that the Petitioner's trial counsel was not ineffective for failing to object to the jury instruction because these instructions did not violate his due process.

because of failure to object to certain jury instructions.  The Magistrate Judge reasons that, because the jury instructions themselves did not violate the Petitioner's due process rights under the United States Constitution, then failing to object to those jury instructions was justified.  (Doc. 44 at 7).  After a review of the Recommendation and the Petitioner's Objection, the Court agrees with the Recommendation.  Because the jury instructions were consistent with the requirements of due process, an attorney's failure to object to those instructions is not "outside the wide range of professionally competent assistance."  *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

      The Magistrate Judge also recommends denying the Petitioner's claim of ineffective assistance of post-trial counsel.  After a review of the Recommendation and the Petitioner's Objection, the Court agrees.  The Petitioner alleges that his post-trial counsel failed to bring his Motion for New Trial and/or his appeal to a timely resolution.  To establish ineffective assistance of post-trial counsel, the Petitioner must show that he was prejudiced by the attorney's actions or, in this case, inactions.  As Magistrate Judge Weigle points out, "[d]espite extraordinary delay, [the Petitioner] is not entitled to habeas corpus relief because he has not shown that he was prejudiced by the delay [allegedly caused by his post-trial attorney]."  (Doc. 44 at 8).  Thus, even if no reasonable attorney would have permitted such a delay, because the Petitioner lacks credible grounds for appealing his conviction, he cannot show he was prejudiced.  (Doc. 44 at 8).

### III. CONCLUSION

For the reasons set forth above and in the Recommendation, the Petitioner's Petition for Writ of Habeas Corpus is **DENIED**. Further, pursuant to the Magistrate Judge's Recommendation, a certificate of appealability is **DENIED**.

**SO ORDERED**, this the 6th day of February, 2012.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT